# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MECHLING and CHRISTOPHER MECHLING,<br><br>Plaintiffs,<br><br>v.<br><br>THE OPERATOR OF WEBSITE [REDACTED],<br><br>Defendant. | Case No. 21-cv-01536<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Nicholas Mechling and Christopher Mechling (hereinafter referred to together or individually as "Plaintiff") are the owners of Twins Special LLC. Under agreement with Twins Special LLC, Plaintiff has full and exclusive license to use, enforce and sublicense the intellectual property of Twins Special LLC. Plaintiff and Twins Special LLC are hereinafter referred to together or individually as "Twins Special". Plaintiff hereby brings the present action against The Operator of Website [REDACTED] ("Defendant"), identified on Schedule A attached hereto, and alleges as follows:

### I. INTRODUCTION

1. Twins Special is among the most famous of internationally renowned brands for Thai boxing gear. Its gear is trusted by professional, amateur and recreational boxers to provide peak performance and protect them from serious injury and is worn by some of the greatest legends of the sport. As providers of such a sought-after product, Plaintiff has detailed systems for ensuring legitimate and genuine products are distributed to the U.S. and other markets, but there are illegitimate counterfeit distributors and sellers that undercut such means while collecting premium

prices for the sale of counterfeit goods. Such low-quality imitation products threaten the safety of boxers and are an affront to the strong goodwill Plaintiff has built up in the Twins Special brand, tarnishing and diluting its goodwill.

2. Defendant is the latest in a series of such illegitimate counterfeit distributors and sellers, and must be held accountable to the full extent of the law to protect the sacred public trust it has broken. Until the Court has addressed Defendant's infringement, masqueraders will be emboldened to continue on.

3. This action has thus been filed by Twins Special to address Defendant's selling and offering for sale of unauthorized and unlicensed products using infringing and counterfeit versions of Twins Special's federally registered trademarks (the "Counterfeit Twins Products") through Defendant's website. Twins Special seeks to address Defendant's infringement and counterfeiting of its registered trademarks as well as to protect unknowing consumers from purchasing low-quality Counterfeit Twins Products over the Internet. Twins Special has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks $2 million statutory damages per product and/or disgorgement of treble all profits earned, whichever is more, and injunctive relief.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets business activities toward consumers in Illinois and causes harm to Twins Special's business within this

Judicial District. Defendant has targeted sales from Illinois residents by operating a fully interactive and commercial website that offers to sell and has sold Counterfeit Twins Products to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Twins Special substantial injury in the State of Illinois.

### III. THE PARTIES

**Plaintiff Twins Special**

6. Twins Special is a world-famous, well-known manufacturer of boxing gloves and mixed martial arts equipment. Twins Special manufactures boxing gloves and mixed martial arts equipment under multiple brands, including Twins Special and King Professional. Twins Special is famous for its Velcro wrist boxing gloves that are hand-crafted in Thailand. Twins Special's boxing gloves are designed to endure years of sparring, elite competition, and training with heavy bags, pads and mitts. In addition to its world-famous boxing gloves, Twins Special is engaged in the manufacture, sale and distribution of shin guards, training gear, head gear, fight wear, and fighting accessories (collectively, the "Twins Products").

7. Twins Special's superior design and craftmanship, along with the reputation of Twins Products, enabled it to achieve widespread recognition and fame and made Twins Special one of the most well-known manufacturers of fighting equipment. Today, Twins Special enjoys a very high, unaided awareness rate worldwide. Twins Special is also among the small group of boxing glove manufacturers whose boxing gloves have been approved by the world's largest sport governing bodies, such as the Nevada State Athletic Commission, the International Boxing Association ("AIBA"), and International Federation of Muaythai Associations ("IFMA").

8. Twins Products are distributed and sold to customers through the Twins Special website, twinsfightgear.com, and through authorized retailers, including numerous authorized

retailers in this district. Twins Special also authorizes multiple websites selling fighting equipment to sell Twins Products.

9. Twins Special incorporates a variety of distinctive marks in the design of its various Twins Products. As a result of this long-standing use, Twins Special owns common law trademark rights in its trademarks. Twins Special has also registered its trademarks with the United States Patent and Trademark Office. Twins Products typically include at least one of Twins Special's federally registered trademarks. Often several Twins Special marks are displayed on a single product. Twins Special uses its trademarks in connection with the marketing of its Twins Products, including the following marks, which are collectively referred to as the "TWINS Trademarks."

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,848,713 | TWINS ★ ★ ★ SPECIAL ★ ★ ★ | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to |

4

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| | | boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
| 4,848,712 | *(Twins Special logo)* | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
| 4,848,711 | TWINS SPECIAL | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, |

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| | | namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |

10. The TWINS Trademarks have been used exclusively and continuously in the U.S. by Twins Special and have never been abandoned. The above U.S. registrations for the TWINS Trademarks are valid, subsisting, in full force and effect, and one is incontestable pursuant to 15 U.S.C. § 1065. The registrations for the TWINS Trademarks constitute *prima facie* evidence of their validity and of Twins Special's exclusive right to use the TWINS Trademarks pursuant to 15 U.S.C. § 1057(b). Attached hereto as **Exhibit 1** are true and correct copies of the U.S. Registration Certificates for the TWINS Trademarks included in the above table.

11. The TWINS Trademarks are exclusive to Twins Special and are displayed extensively on Twins Products and in Twins Special's marketing and promotional materials. Twins Products have long been among the most famous and popular of their kind in the world. Twins Special has expended substantial resources in advertising, promoting and marketing featuring the TWINS Trademarks. Additionally, the reputation of the Twins Products has been spread through word of mouth. Because of these and other factors, Twins Special and the TWINS Trademarks have become famous throughout the United States.

12. The TWINS Trademarks are distinctive when applied to the Twins Products, signifying to the purchaser that the products come from Twins Special and are manufactured to Twins Special's quality standards. Whether Twins Special manufactures the products itself or licenses others to do so, Twins Special has ensured that products bearing its trademarks are manufactured to the highest quality standards. The TWINS Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the TWINS Trademarks is of incalculable and inestimable value to Twins Special.

13. For many years, Twins Special has operated a website where it promotes Twins Products at twinsfightgear.com. Twins Products are featured and described on the website and are available for purchase. The twinsfightgear.com website features proprietary content, images, and designs exclusive to Twins Special.

14. Twins Special, or third parties on Twins Special's behalf, have expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TWINS Trademarks. As a result, products bearing the TWINS Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products from Twins Special. Twins Special is a multi-million-dollar brand, and Twins Products have become among the most popular of their kind in the world.

**Defendant**

15. Defendant is an individual or business entity that, on information and belief, resides in Bangkok, Thailand. On information and belief, Defendant ships products from Bangkok, Thailand.

16. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of its fully interactive, commercial website. Defendant targets the United States, including Illinois residents, and has offered to sell, and has sold and shipped, Counterfeit Twins Products to consumers within the State of Illinois through its website.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

17. Defendant operates the fully interactive, commercial website identified on Schedule A.

18. Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its website bearing at least one logo, source-identifying indicia and design elements, that are studied imitations, infringements, and/or counterfeits of the TWINS Trademarks (previously defined as the "Counterfeit Twins Products").

19. Twins Special's investigator visited the Defendant's website and purchased a Counterfeit Twins Product.

20. The purchased Counterfeit Twins Product was shipped to Twins Special's investigator in Illinois.

21. The purchased Counterfeit Twins Product was inspected, and it was determined that the product was counterfeit and infringed the TWINS Trademarks.

22. A comparison of the TWINS Trademarks to Defendant's Counterfeit Twins Product exemplifies Defendant's counterfeiting and infringement of the TWINS Trademarks and is below.



| TWINS Trademarks | Defendant's Counterfeit Twins Product |
|---|---|
| TWINS SPECIAL (Reg. No. 4,848,711) | |
| (Reg. No. 4,848,712) | |
| (Reg. No. 4,848,713) | |

23. On information and belief, Defendant is well aware of the extraordinary fame and strength of the TWINS Trademarks and the goodwill associated therewith.

24. Twins Special has not licensed or authorized Defendant to use any of the TWINS Trademarks, and Defendant is not an authorized retailer of genuine Twins Products.

25. Defendant also deceives unknowing consumers by using the TWINS Trademarks without authorization within the content, text, and/or meta tags of its website in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Twins Products.

26. Defendant, without any authorization, license, or other permission from Twins Special, has used the TWINS Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Twins Products in the United States and Illinois over the Internet.

27. Defendant's use of infringements and/or counterfeits of the TWINS Trademarks in the advertisement, distribution, offering for sale, and sale of the Counterfeit Twins Products was willful.

28. Defendant's willful use of infringements and/or counterfeits of the TWINS Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Twins Products, including the sale of Counterfeit Twins Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Twins Special.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

29. Twins Special hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. This is a trademark infringement action against Defendant based on Defendant's unauthorized use in commerce of counterfeit imitations of Twins Special's federally registered TWINS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. Twins Special's TWINS Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Twins Products sold or marketed under the TWINS Trademarks.

31. Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products bearing infringements and/or counterfeits of the TWINS Trademarks without Twins Special's permission.

32. Twins Special is the exclusive owner of the TWINS Trademarks. Twins Special's United States Registrations for the TWINS Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendant has knowledge of Twins Special's rights in the TWINS Trademarks and has willfully infringed and intentionally used counterfeits and/or infringements of the TWINS Trademarks. Defendant's willful, intentional, and unauthorized use of the TWINS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Twins Products among the general public.

33. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Twins Special has no adequate remedy at law and, if Defendant's actions are not enjoined, Twins Special will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TWINS Trademarks.

35. The injuries and damages sustained by Twins Special have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Twins Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

36. Twins Special hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

37. Defendant's promotion, marketing, offering for sale, and sale of Counterfeit Twins Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Twins Special or the origin, sponsorship, or approval of Defendant's Counterfeit Twins Products by Twins Special.

38. By using the TWINS Trademarks on the Counterfeit Twins Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Twins Products.

39. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Twins Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

40. Twins Special has no adequate remedy at law and, if Defendant's actions are not enjoined, Twins Special will continue to suffer irreparable harm to its reputation and the goodwill of the Twins Special brand.

**PRAYER FOR RELIEF**

WHEREFORE, Twins Special prays for judgment against Defendant as follows:

1) That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with Defendant be temporarily, preliminarily and permanently enjoined and restrained from:

   a. using the TWINS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Twins Special product or is not authorized by Twins Special to be sold in connection with the TWINS Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Twins Special product or any other product produced by Twins Special, that is not Twins Special's or not produced under the authorization, control or supervision of Twins Special and approved by Twins Special for sale under the TWINS Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Twins Special, or are sponsored by, approved by, or otherwise connected with Twins Special;

   d. further infringing the TWINS Trademarks and damaging Twins Special's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Twins Special, nor authorized by Twins Special to be sold or offered for sale, and which bear any of Twins Special's trademarks,

13

including the TWINS Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Twins Special a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, a through e, above;

3) That Defendant account for and pay to Twins Special all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the TWINS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Twins Special be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000 (two million dollars) for each and every use of the TWINS Trademarks;

5) That Twins Special be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Twins Special hereby demands a trial by jury as to all issues so triable.

Dated this 19th day of March 2021.	Respectfully submitted,

        /s/ Justin R. Gaudio
        Amy C. Ziegler
        Justin R. Gaudio
        Jake M. Christensen
        Martin F. Trainor
        Greer, Burns & Crain, Ltd.
        300 South Wacker Drive, Suite 2500
        Chicago, Illinois 60606
        312.360.0080
        312.360.9315 (facsimile)
        aziegler@gbc.law
        jgaudio@gbc.law
        jchristensen@gbc.law
        mtrainor@gbc.law

        *Counsel for Plaintiffs Nicholas Mechling and Christopher Mechling*