IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MECHLING and CHRISTOPHER MECHLING,<br><br>Plaintiffs,<br><br>v.<br><br>THE OPERATOR OF WEBSITE MUAYTHAI-FIGHTING.COM,<br><br>Defendant. | Case No. 21-cv-01536<br><br>**Judge Robert W. Gettleman**<br><br>**Magistrate Judge Heather K. McShain** |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiffs Nicholas Mechling and Christopher Mechling (hereinafter referred to together or individually as "Plaintiff") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the operator of website muaythai-fighting.com ("Defendant") identified in Schedule A to the Complaint and attached hereto.

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendant since the Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce website at muaythai-fighting.com that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars, and has sold and shipped products using counterfeit and infringing versions of the federally registered Twins Special trademarks (the "TWINS Trademarks") to residents of Illinois. A list of the TWINS Trademarks is included in the below chart.

1

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,848,713 | TWINS SPECIAL (logo) | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |

| | | |
|---|---|---|
| 4,848,712 | *TWINS Special logo* | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
| 4,848,711 | TWINS SPECIAL | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic |

|  |  | wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
|---|---|---|

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65.  Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.  Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the TWINS Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendant is not licensed or authorized to use the TWINS Trademarks, and (3) Defendant's use of the TWINS Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendant's products with Plaintiff.  Furthermore, Defendant's continued and unauthorized use of the TWINS Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales.  Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law.  Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendant's actions.  As such, this Court orders that:

1. Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily and preliminarily enjoined and restrained from:

    a. using the TWINS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Twins Special product or not authorized by Twins Special to be sold in connection with the TWINS Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Twins Special product or any other product produced by Twins Special, that is not Twins Special's or not produced under the authorization, control or supervision of Twins Special and approved by Twins Special for sale under the TWINS Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Twins Special, or are sponsored by, approved by, or otherwise connected with Twins Special;

    d. further infringing the TWINS Trademarks and damaging Twins Special's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Twins Special, nor authorized by Twins Special to be sold or offered for sale, and which bear any of Twins Special's

        trademarks, including the TWINS Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for Defendant, or in connection with Defendant's website muaythai-fighting.com (collectively, the "Third Party Providers") shall, within ten (10) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

   a. the identity and location of Defendant, its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with it, including all known contact information, and all associated e-mail addresses;

   b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendant's website muaythai-fighting.com and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to its website muaythai-fighting.com; and

   c. any financial accounts owned or controlled by Defendant, including its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including Third Party Providers as defined in Paragraph 2, shall within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant or Defendant's website muaythai-fighting.com in connection with the sale of counterfeit and infringing goods using the TWINS Trademarks.

4. Defendant shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

5. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days of receipt of this Order:

    a. locate all accounts and funds connected to Defendant or Defendant's website muaythai-fighting.com, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Christopher Mechling, and any e-mail addresses provided for Defendant by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

6. Plaintiff is authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a. the identities and locations of Defendant, its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with it, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendant's website muaythai-fighting.com and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to Defendant's website muaythai-fighting.com.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendant shall respond to any such discovery requests within three (3) business days of being served via e-mail.

7. Plaintiff may provide notice of these proceedings to Defendant, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Christopher Mechling and any e-mail addresses provided for Defendant by third parties that includes a link to said website. The Clerk of the Court is directed to issue a summons in the name of "The Operator of Website muaythai-fighting.com". The combination of providing notice via electronic publication and e-mail, along with any notice that Defendant receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford it the opportunity to present their objections.

8. Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Christopher Mechling [16], and the TRO [23] are unsealed.

9. Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

10. The $1,000 bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED.

Dated: April 8, 2021

_____
Robert W. Gettleman
United States District Judge

**Nicholas Mechling and Christopher Mechling v. The Operator of muaythai-fighting.com - Case No. 21-cv-1536**

# Schedule A

| No. | Defendant |
|---|---|
| 1 | muaythai-fighting.com |

| No. | Defendant |
|---|---|
|  |  |

| No. | Domain Name |
|---|---|
| 1 | muaythai-fighting.com |

| No. | Domain Name |
|---|---|
|  |  |